## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACY VAN ATTA**<br>3611 S. TAYLOR STREET<br>#A1<br>ARLINGTON, VA 22206<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONSUMER FINANCIAL<br>PROTECTION BUREAU**<br>1700 G STREET, N.W.<br>WASHINGTON, D.C. 20552<br><br>**Defendant.** | Civil Action No.: _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

COMES NOW, Plaintiff Tracy Van Atta ("Plaintiff" or "Ms. Van Atta"), by and through the undersigned counsel, brings this action against Defendant Consumer Financial Protection Bureau. Plaintiff Tracy Van Atta alleges and states the following:

## INTRODUCTION

1.      This is an action authorized and instituted pursuant to the Equal Pay Act of 1963 ("EPA" or "Act"), 29 U.S.C. § 206(d), for the Defendant's unlawful compensation practices on the basis of illegal gender discrimination against the Plaintiff.

2.      The Plaintiff in this case, Ms. Van Atta, is an accomplished E-Law Litigation Support Specialist for the Consumer Financial Protection Bureau ("CFPB" or "Agency"), who is making $5,000 to $20,000 a year less than 3 of her male co-workers, Sumit (Sammy) Batra ("Batra"), Michael Williams ("Williams"), and Douglas Lohr ("Lohr"). Plaintiff, Batra, Williams, and Lohr all hold the same E-Law Litigation Support Specialist position and perform

the same job and duties. The CFPB has known, or should have known, that its pay and compensation practices resulted in Plaintiff's pay disparity at the Agency. The gender discrimination described in this Complaint has been and is continuing in nature.

## THE PARTIES

3.      Plaintiff Tracy Van Atta is an adult female resident of Arlington, Virginia.  She is an "employee" at the CFPB, within the meaning of 29 U.S.C. § 203(e).

4.      Defendant Consumer Financial Protection Bureau (hereinafter "CFPB") is an independent agency of the United States charged with regulating the offering and providing of consumer-financial products and services under federal consumer laws. Defendant was and is conducting business at all times relevant herein within the District of Columbia and is headquartered at 1700 G Street, N.W., Washington D.C. 20552.

5.      At all times relevant to this action, Defendant CFPB was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), and 29 U.S.C. § 216(b), to redress and enjoin employment practices of the Defendant, an agency of the United States. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (e) because all relevant actions complained of herein occurred in the District of Columbia, Defendant transacts substantial business in the District of Columbia, and Defendant maintains employment records related to this action in the District of Columbia.

## STATEMENT OF FACTS GIVING RISE TO RELIEF

7.      Plaintiff began her federal service employment in 1985. Plaintiff has worked with three different federal sector agencies, including the U.S. Air Force and the U.S. Attorney's

Office, in addition to the CFPB. Plaintiff has worked for over 15 years in e-Discovery and litigation support in both the private and public sector.

8.      Plaintiff is highly skilled in the field of litigation support and e-Discovery. Plaintiff has received several certifications in LAW PreDiscovery, completed the Georgetown Law Continuing Legal Education eDiscovery Training Academy, and received a Certificate of Appreciation from the United States Attorney's Office for the Middle District of Florida. Further, Plaintiff has also conducted trainings on eDiscovery platforms such as Relativity, LAW PreDiscovery, Concordance, TrialDirector, and Sanction.

9.      Immediately prior to joining the CFPB, Plaintiff served as a Litigation Support Manager at the U.S. Attorney's Office for the Eastern District of Virginia (Grade GS 13, Step 4) in Alexandria, Virginia for over three years.

10.     On or about February 12, 2016, Plaintiff interviewed for the position of E-Law Litigation Support Specialist at the CFPB with E-Law Litigation Support Specialists Joe Calvarese, Douglas Lohr, and Sumit (Sammy) Batra; Office of Enforcement Attorneys, Whitney Case and Jan Singleman; Senior E-Discovery Counsel, Glenn Melcher; and General Attorney, Lani Lee.

11.     On or about February 26, 2016, Plaintiff attended a second round of interviews at the CFPB with Tony Alexis, Director of Enforcement, and Joanna Pearl, Office of Enforcement Chief of Staff, for the position of E-Law Litigation Support Specialist.

12.     The USAJOBS job announcement 16-CFPB-89 for Litigation Support Specialist, CN-0301-53 set a salary range from $104,076.00 to $158,276.00 per year.

13.     On or about April 28, 2016, Plaintiff was formally offered the E-Law Litigation Support Specialist position at the CFPB by Human Resources Specialist, Amy Barker.

14.     On or about May 15, 2016, Plaintiff commenced employment with the CFPB in the Office of Enforcement as an E-Law Litigation Support Specialist, CN-0301-53. Plaintiff has been in this position ever since.

15.     Defendant CFPB has a history of employee salaries for the same positions not being equal. An equalizing process was undertaken, which resulted in the CFPB implementing a pass/fail system, which did not resolve many of the apparent pay disparities. Instead, the systematic problem has resulted in salary reviews with unsatisfying results.

16.     Plaintiff's first line supervisor is Joe Calvarese and her second line supervisor is Lani Lee.

17.     The CFPB 2016-2019 Base Pay Table (No Locality) demonstrates the pay range for the base salary for employees in pay band 53 (equivalent to a GS-13), with a range from a minimum of $90,053 for quartile 1 to a maximum of $136,949 for quartile 4.

18.     On or about May 15, 2016, when Plaintiff started work at the CFPB as an E-Law Litigation Support Specialist, CN-0301-53 in the Office of Enforcement, the CFPB set her salary (with locality) at $133,930.60 per year (base pay $113,500.51).

19.     On or about May 29, 2016, two weeks after Plaintiff was hired, her male counterpart, Michael Williams ("Williams"), joined the Office of Enforcement as an E-Law Litigation Support Specialist, CN-0301-53. When Williams was hired, the CFPB set his salary (with locality) at $143,959.92 (base pay $121,999.93).

20.     Despite being hired two weeks apart for the same position as E-Law Litigation Support Specialist, Plaintiff's salary was approximately $10,000 less than Williams' salary.

21.     Plaintiff's male counterpart, Sumit (Sammy) Batra, holds the same exact position as Plaintiff as an E-Law Litigation Support Specialist, CN-0301-53 in the Office of Enforcement

4

with the same job duties. In 2016, the CFPB set Batra's salary (with locality) at $138,608.99 (base pay $117,465.25).

22.     Plaintiff's male counterpart, Douglas Lohr, holds the same exact position as Plaintiff as an E-Law Litigation Support Specialist, CN-0301-53 in the Office of Enforcement with the same job duties. In 2016, the CFPB set Lohr's salary (with locality) at $153,149.56 (base pay $129,787.76).

23.     At the time of her hiring in May 2016, Plaintiff's salary (with locality) was approximately $5,000 less than Batra's salary, approximately $10,000 less than Williams' salary, and approximately $20,000 less than Lohr's salary. Each of Plaintiff's male counterparts had higher base pay than Plaintiff as well.

24.     In 2017, Plaintiff's salary, as well as the salary of each of her male colleagues, increased by 2.3 percent based on an annual performance merit increase for Fiscal Year ("FY") 2017. In 2018, Plaintiff's salary, as well as the salary of each of her male colleagues, increased by 2.6 percent based on an annual performance merit increase for FY 2018. Thus, the disparity in wages between Plaintiff and each of her male counterparts continues to increase.

25.     Batra, Williams, and Lohr hold the same position, title, and grade as Plaintiff and are in her same chain of command.

26.     Batra, Williams, Lohr, and Plaintiff have common core tasks and the same job duties. There are no tasks that make Plaintiff's position different than her three male counterparts. In sum, Plaintiff and her three male colleagues, Batra, Williams, and Lohr, perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

27.     Plaintiff passed her performance review in 2017. Plaintiff's 2017 Year-End Performance Summary and 2018 Mid-Year Coaching Discussion indicate that Plaintiff was rated an overall Accomplished Performer. In her 2017 performance review, Mr. Calvarese praised Plaintiff's work ethic, ability to work well with other colleagues, and noted the consistently positive feedback Plaintiff received from the attorneys. In her 2018 coaching discussion, Mr. Calvarese indicates that Plaintiff "has had a successful year so far" and highlights the various successes Plaintiff experienced in certain projects.

28.     In early April 2018, Plaintiff first discovered the pay disparity between her salary and the salaries of the three male peers in her department when she was reviewing salary information on the website, fedsdatacenter.com.

29.     On April 4, 2018, in an email to the CFPB Equal Employment Opportunity (EEO) Office, Plaintiff raised the issue of unequal compensation and inquired about her rights. In response, Kevin Maling, Senior EEO Specialist in the Office of Civil Rights, provided Plaintiff with information regarding the Equal Pay Act and the EEO complaint process.

30.     On April 4, 2018, Plaintiff also informed Gail Wisely, CFPB Examiner and National Treasury Employees Union (NTEU) Chapter 335 President, about the pay inequity and requested guidance from the Union. In response, Ms. Wisely informed Plaintiff about other colleagues receiving some relief through salary review requests and the option to file a grievance. Ms. Wisely also forwarded Plaintiff's request for guidance to the Chief Union Steward, Jerome Hardy.

31.     According to the CFPB 2017 Pay Setting Overview, "a manager may submit a request for salary review for an individual employee by submitting a Request for Compensation Review from the Division's Associate Director for approval."

32.     On April 5, 2018, Plaintiff emailed her first line supervisor, Joe Calvarese, requesting that her salary be reviewed on account of the disparity between her salary and the salaries of other E-Law Litigation Support Specialist in the department. In her request, Plaintiff highlighted her many skills, achievements, and experience that warranted a salary review.

33.     On April 10, 2018, Mr. Calvarese notified Plaintiff that her salary review request package was sent to the Supervision, Enforcement, Fair Lending Division (SEFL) front office.

34.     On May 4, 2018, Plaintiff's salary review request was forwarded to CFPB's Office of Human Capital (OHC) for review.

35.     On July 23, 2018, Plaintiff emailed Ms. Wisely and Mr. Hardy to notify them that her salary review request package had been forwarded to the SEFL front office in April, forwarded to the OHC in May, but she received no updates thereafter. Ms. Wisely provided Plaintiff with a status update, stating that it was taking management far longer than 120 days to review salary requests. Ms. Wisely further indicated that the upcoming NOTE Newsletter would state the following:

> "***Status on Salary Reviews and Salary Review Denial Grievances***
> On July 12, 2018, Bureau compensation specialist indicated:  'We have 33 open cases Bureau-wide as of 7/12.  11 of the 33 cases originated from SEFL.  Most of these cases should be fully closed by August 31.  We continue to receive new cases.'  We understand most salary review requests that have been reviewed, were denied in whole or in part.  Some were granted in part.  Of those that were granted in part, the requestor received a bump in salary, but, it was significantly less than the requestor sought.  We are reviewing the rulings, determining next steps and will keep you apprised of any developments."

36.     Plaintiff has not received a response from Defendant CFPB regarding her salary review request that was originally submitted on April 5, 2018 and the 120-day period for response from the Agency has lapsed.

37.     The CFPB discriminated against Plaintiff on the basis of her gender by paying her

less compensation for equal work in comparison with her similarly situated male coworkers,

Batra, Williams, and Lohr.

38.     In 2017, Plaintiff's salary increased to $137,011 based on an annual performance

merit increase for FY2017. At this same time, Batra's salary increased to approximately

$141,797, which is approximately $5,000 more than the Plaintiff; Williams' salary increased to

$147,271, which is approximately $10,000 more than Plaintiff; and Lohr's salary increased to

$156,672, which is approximately $20,000 more than Plaintiff.

39.     In 2018, Plaintiff's salary increased from $137,011 to $140,573.29 due to an

annual performance merit increase for FY2018. At this same time, Batra's salary increased to

approximately $145,483.72, which is approximately $5,000 more than the Plaintiff; Williams'

salary increased to $151,100.05, which is approximately $11,000 more than Plaintiff; and Lohr's

salary increased to $160,745.47, which is approximately $20,000 more than Plaintiff.

40.     Because Defendant CFPB tied Plaintiff's bonus potential, merit increases, and

retirement contributions to her base salary, since May 2016, and continuing to the present, the

gap between her compensation and her male counterparts' compensation continues to grow as an

E-Law Litigation Support Specialist, CN-0301-53 in the Office of Enforcement.

## COUNT 1
### (VIOLATION OF EQUAL PAY ACT, 29 U.S.C. § 206(d))

41.     Plaintiff re-alleges and incorporates by reference each and every allegation in

paragraphs 1 to 40 above, as if fully set forth herein.

42.     The EPA prohibits sex-based wage discrimination between men and women in

the same division of the Agency who perform substantially equal work on jobs the performance

8

of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

43.     Defendant CFPB has discriminated against Plaintiff in violation of the EPA by providing her with lower pay as an E-Law Litigation Support Specialist, than her similarly situated male colleagues on the basis of her gender, female, even though Plaintiff performs substantially the same work that requires the same skill, effort, and responsibility in the same division of the CFPB.

44.     As a federal agency, the CFPB must comply with the Equal Pay Act.

45.     Since at least May 2016, Defendant CFPB has violated and continues to violate 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Plaintiff lower wages than those paid to her male colleagues, Sumit (Sammy) Batra, Michael Williams, and Douglas Lohr.

46.     Batra, who began his employment with the Office of Enforcement on or about November 2014, has been consistently and continuously compensated at a higher rate than Plaintiff for the same skills, effort, and responsibility, and under similar working conditions. Since approximately May 2016, Batra on average has received approximately $5,000 more in annual compensation than Plaintiff. The pay disparity is magnified because Plaintiff's bonus potential, merit increases, and retirement contributions are tied to her base salary.

47.     Williams, who began his employment with the Office of Enforcement on or about May 29, 2016, has been consistently and continuously compensated at a higher rate than Plaintiff for the same skills, effort, and responsibility, and under similar working conditions. Since approximately May 2016, Williams on average has received approximately $10,000 more in annual compensation than Plaintiff. The pay disparity is magnified because Plaintiff's bonus potential, merit increases, and retirement contributions are tied to her base salary.

48.     Lohr, who began his employment with the Office of Enforcement on or about September 2015, has been consistently and continuously compensated at a higher rate than Plaintiff for the same skills, effort, and responsibility, and under similar working conditions. Since approximately May 2016, Lohr on average has received approximately $20,000 more in annual compensation than Plaintiff. The pay disparity is magnified because Plaintiff's bonus potential, merit increases, and retirement contributions are tied to her base salary.

49.     Plaintiff's pay disparity by the Defendant is not justified by a seniority system; a merit system; a pay system based on quantity or quality of production; or any factor other than sex.

50.     By knowingly paying Plaintiff lower wages than Batra, Williams, and Lohr, Defendant willfully violated the EPA, 29 U.S.C. § 206(d).

51.     As a result of the acts complained of above, Defendant has unlawfully withheld, and is continuing to withhold, the payment of wages due to Plaintiff, who has and still is, receiving lower compensation than her male colleagues.

52.     As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss.

53.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tracy Van Atta respectfully prays judgment against Defendant in the amount of Plaintiff's unpaid compensation and benefits, back pay, liquidated damages,

attorney's fees, pre and post judgment interest, costs of the action, and grant any such further relief as the Court deems just and proper.

Plaintiff also requests an award of other damages against Defendant in amounts to be determined by the jury. Plaintiff also requests that this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between Plaintiff on the basis of sex by paying a wage less than the rate at which it pays to Sumit (Sammy) Batra, Michael Williams, and Douglas Lohr, similarly situated employees of the opposite sex.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein.

Dated: August 30, 2018

Respectfully submitted,

/s/ Natalie M. Koss
Natalie M. Koss, D.C. Bar No. 489551
Kassandra Haynes, D.C. Bar No. 1028735
Potomac Legal Group PLLC
1420 N Street NW, Suite 102
Washington, D.C. 20005
(202) 643-9840 (telephone)
(202) 350-2654 (facsimile)
nkoss@potomaclegalgroup.com
haynes@potomaclegalgroup.com
*Attorneys for Plaintiff Tracy Van Atta*