# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRACY VAN ATTA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:18-cv-02033-ABJ |
| ) | |
| v. ) | |
| ) | |
| CONSUMER FINANCIAL PROTECTION ) | |
| BUREAU ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff Tracy Van Atta ("Plaintiff"), respectfully submits the following motion to transfer venue as to Plaintiff's Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), claim to the U.S. Court of Federal Claims. Counsel for Defendant Consumer Financial Protection Bureau ("Defendant") has indicated that she was unable to consent to the relief sought in this motion. In support of this motion, Plaintiff states as follows:

The Complaint was filed in this Court on August 30, 2018 against the Defendant Consumer Financial Protection Bureau alleging that Defendant violated the EPA when Defendant failed to pay her the same wages as her similarly situated male peers. The Defendant filed an Answer on October 29, 2018. In paragraph 6 of Defendant's Answer, Defendant raised the jurisdictional limitations of this Court under the Tucker Act. In pertinent part, Defendant's Answer states,

> In addition, while the Bureau does not at this time assert that this Court lacks jurisdiction over the Equal Pay Act claims because the Tucker Act applies, the Bureau notes that this Court has *sua sponte* dismissed or transferred Equal Pay Act cases for lack of jurisdiction where the plaintiff has not expressly waived any claim to relief greater than $10,000. *See e.g., Johnson v. Lightfoot*, 273 F.Supp. 3d 278, 287 n.5 (D.D.C. 2017)(dismissing claim)(citations omitted).  Pp. 2-3, Defendant's Answer.

As alleged in the complaint, the difference in salary between Plaintiff and her male peers is greater than $10,000; therefore Plaintiff is seeking damages in excess of $10,000. Pursuant to 28 U.S.C. §

1491, the U.S. Court of Federal Claims has exclusive jurisdiction over any claim against the United States that exceeds $10,000 and that does not sound in tort. It is apparent then that this Court lacks subject matter jurisdiction over Plaintiff's EPA claim and Plaintiff moves this Court to transfer this action to the Court of Federal Claims. *See, e.g., Schrader v. Tomlinson*, 311 F.Supp. 2d 21, 26 n.4 (D.D.C. 2004) (upon request by a party, the court will transfer venue for the EPA claim to the Court of Federal Claims where it appears as if the total damages and fees will surpass $10,0000); *see* 28 U.S.C. § 1631(stating whenever a civil action is filed in a court…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.).

  WHEREFORE, Plaintiff moves this Court to grant her Motion to Transfer to the U.S. Court of Federal Claims.

Dated: November 16, 2018      By: /s/ Natalie M. Koss
                Natalie M. Koss, Bar No. 489551
                Potomac Legal Group PLLC
                1420 N St. NW, Suite 102
                Washington, D.C. 20005
                Telephone: (202) 643-9840
                Facsimile: (202) 350-2654
                Email:  nkoss@potomaclegalgroup.com
                *Counsel for Plaintiff Tracy Van Atta*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November 2018, a true and correct copy of Plaintiff's Motion to Transfer Venue was served on the following via ECF:

Amanda Ploch
Mary McLeod
John R. Coleman
Steven Y. Bressler
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7114
Amanda.Ploch@cfpb.gov

/s/ Natalie M. Koss
Natalie M. Koss