UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRACY VAN ATTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2033 (ABJ) |
| | ) | |
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tracy Van Atta filed a complaint against the Consumer Financial Protection Bureau ("CFPB") on August 30, 2018, alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d), when it failed to pay her the same wages as her similarly situated male peers. Compl. [Dkt. # 1] ¶¶ 41–53. Plaintiff has alleged that the difference in her pay with her male colleagues exceeds $10,000. *Id.* ¶¶ 23, 38, 47.

On November 16, 2018, plaintiff moved to transfer the case to the U.S. Court of Federal Claims because under the Tucker Act, 28 U.S.C. § 1491, the district court lacks subject matter jurisdiction over the case. Pl.'s Mot. to Transfer Venue [Dkt. # 6] ("Pl.'s Mot.") at 2. Defendant opposed the motion, arguing that the Equal Pay Act was enacted as an amendment to the Fair Labor Standards Act ("FLSA"), and the Tucker Act does not apply to suits brought under the FLSA. Def.'s Opp. to Pl.'s Mot. [Dkt. # 11] ("Def.'s Opp.") at 2–8.

The Tucker Act grants the Court of Federal Claims "jurisdiction over a nontort monetary claim 'against the United States founded . . . upon . . . any Act of Congress.'" *Abbey v. United States*, 745 F.3d 1363, 1368–69 (Fed. Cir. 2014), quoting 28 U.S.C. § 1491(a)(1). It has long

been established as a matter of binding precedent in this Circuit that "the Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA, 29 U.S.C. § 216(b)," *id.* at 1369, and that "the Court of Federal Claims has exclusive jurisdiction to adjudicate" all "FLSA claims in excess of $10,000."[1] *Waters v. Rumsfeld*, 320 F.3d 265, 272 (D.C. Cir. 2003). Thus, unless plaintiff waives her claim in excess of $10,000, "the district court [is] without jurisdiction to rule on [the] merits." *Id.*

Defendant argues that the Supreme Court's decision in *United States v. Bormes*, 568 U.S. 6 (2012), signaled a change in how lower courts should apply the Tucker Act. Def.'s Opp. at 7–8. In *Bormes*, the Court considered whether the Tucker Act waived the United States' sovereign immunity against claims brought under a different statute: the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. 568 U.S. at 9–15. The Court held that it did not, because "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the [law's] specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *Id.* at 12. Because the FCRA included a "detailed remedial scheme," the Court found that only the statute's "own text can determine whether the damages liability Congress crafted extends to the Federal Government." *Id.* at 19 (emphasis omitted). Applying that principle, defendant argues that the FLSA also contains a detailed remedial scheme, and that therefore, the Tucker Act does not apply and the Court retains jurisdiction over the case.

---

1   The amount of the claim will affect whether a district court may maintain jurisdiction over it. The "'Little Tucker Act' grants United States district courts concurrent jurisdiction with the United States Court of Federal Claims over civil actions or claims against the United States not exceeding $10,000 in amount," *Waters*, 320 F.3d at 270 (internal quotation mark omitted), quoting 28 U.S.C. § 1346(a)(2), whereas, "[u]nder the (Big) Tucker Act, claims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims.'" *Id.*, quoting *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982).

While the D.C. Circuit has not yet considered this question, the Federal Circuit has. In *Abbey v. United States*, the court found that because the FLSA and FCRA had significant differences, *Bormes* did not disturb the settled precedent that the Court of Federal Claims has exclusive jurisdiction over FLSA claims exceeding $10,000. 745 F.3d at 1369. The Court noted that the FCRA "precisely define[s] the appropriate forum" to bring claims, including "any appropriate United States district court." *Id.*, citing 15 U.S.C. § 1681p. The FLSA, by contrast, "contains no congressional specification of a non-Tucker Act forum for damages suits." *Id.* at 1370. Since the FLSA does not provide any guidance as to which court is competent to exercise jurisdiction over those claims, the court concluded that it is appropriate to look to the Tucker Act to identify the court of competent jurisdiction. *Id.*

Also, another court in this district has considered and rejected the argument presented by defendant here. While it found that "[t]he government raise[d] a colorable argument," it remained "ultimately unpersuaded." *Adair v. Bureau of Customs & Border Prot.*, 191 F. Supp. 3d 129, 133 (D.D.C. 2016). The court reasoned that *Bormes* was "not primarily on point" because it "analyzed the FCRA, not the FLSA, and it only decided the Tucker Act's role in the sovereign-immunity inquiry, not in the jurisdictional inquiry." *Id.* Furthermore, *Bormes* does not "directly overrule any precedent in this or any other circuit specifying which court(s) may properly exercise jurisdiction over FLSA claims against the government." *Id.* The Court concluded that the "the Supreme Court's opinion in *Bormes* appears . . . to be quite compatible" with the settled precedent in this circuit, because, as reasoned in *Abbey*, the FCRA designated jurisdiction to identified courts while the FLSA did not. *Id.* at 133–34.

While defendant has raised a serious issue that warrants close attention, the Court finds the reasoning in *Adair* to be persuasive, particularly given the Federal Circuit's decision in

*Abbey*. Defendant has asked the Court to "conclude that the general principles articulated in *Bormes* override controlling D.C. Circuit precedent on the precise question at hand." *Id.* But it is not at all clear that the Supreme Court intended its ruling to have that scope. So unless and until the D.C. Circuit announces that its decision in *Waters v. Rumsfeld* has been overruled by *Bormes*, it is still good law. Therefore, the Court of Federal Claims has exclusive jurisdiction over this case because it is a nontort monetary claim brought against the United States government exceeding $10,000.

Thus, plaintiff's motion to transfer venue is hereby **GRANTED**, and it is **ORDERED** that this action be **TRANSFERRED** to the United States Court of Federal Claims.

AMY BERMAN JACKSON
United States District Judge

DATE: April 29, 2019