CLOSED,JURY,TYPE−H

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:18−cv−02033−ABJ

VAN ATTA v. CONSUMER FINANCIAL PROTECTION BUREAU  
Assigned to: Judge Amy Berman Jackson  
Demand: $1,000,000  
Cause: 29:206 Collect Unpaid Wages

Date Filed: 08/30/2018  
Date Terminated: 04/29/2019  
Jury Demand: Plaintiff  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: U.S. Government Defendant

**Plaintiff**

TRACY VAN ATTA     represented by     **Natalie M. Koss**  
POTOMAC LEGAL GROUP PLLC  
1420 N Street, NW  
Suite 102  
Washington, DC 20005  
(202) 643−9840  
Fax: (202) 350−2654  
Email: nkoss@potomaclegalgroup.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

CONSUMER FINANCIAL PROTECTION BUREAU     represented by     **Amanda Grace Ploch**  
CONSUMER FINANCIAL PROTECTION BUREAU  
Office of General Counsel  
1700 G Street, N.W.  
Washington, DC 20552  
(202) 435−7114  
Fax: (202) 435−7024  
Email: Amanda.Ploch@cfpb.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Steven Y. Bressler**  
CONSUMER FINANCIAL PROTECTION BUREAU  
Office of General Counsel  
1700 G Street, N.W.  
Washington, DC 20552  
(202) 435−7248  
Fax: (202) 435−7024  
Email: steven.bressler@cfpb.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*



ECF DOCUMENT  
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/30/2018 | 1 | | COMPLAINT *TRACY VAN ATTA* against CONSUMER FINANCIAL PROTECTION BUREAU with Jury Demand ( Filing fee $ 400 receipt number 0090−5665763) filed by TRACY VAN ATTA. (Attachments: # 1 Summons CFPB, # 2 Summons US Atty Gen, # 3 Summons DC Atty Gen, # 4 Civil Cover Sheet Civil Cover Sheet)(Koss, Natalie) (Entered: 08/30/2018) |
| 08/30/2018 | 2 | | NOTICE *of Corrected Summons* by TRACY VAN ATTA re 1 Complaint, (Koss, Natalie) (Entered: 08/30/2018) |
| 08/30/2018 | | | Case Assigned to Judge Amy Berman Jackson. (zsth) (Entered: 08/30/2018) |
| 08/30/2018 | 3 | | SUMMONS (3) Issued Electronically as to CONSUMER FINANCIAL PROTECTION BUREAU, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zsth) (Entered: 08/30/2018) |
| 09/18/2018 | 4 | | NOTICE *of Withdrawal of Counsel* by TRACY VAN ATTA (Haynes, Kassandra) (Entered: 09/18/2018) |
| 10/29/2018 | 5 | | ANSWER to Complaint by CONSUMER FINANCIAL PROTECTION BUREAU.(Ploch, Amanda) (Entered: 10/29/2018) |
| 11/02/2018 | | | MINUTE ORDER. Meet and Confer Initial Scheduling Conference set for 11/26/2018 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. The parties shall meet, confer, and file a Joint Report pursuant to Local Rule 16.3 by 11/19/2018. Any dates contained in the Report should be expressed as specific dates (month/day/year) rather than as time frames (e.g., "60 days after the entry of the scheduling order"). Counsel are directed to contact the Court's Deputy Clerk in the first instance to request the rescheduling of court appearances. The party seeking the change in schedule must first confer with counsel for all other parties and be prepared to provide the Deputy Clerk with proposed mutually agreeable dates. SO ORDERED. By Judge Amy Berman Jackson on 11/2/2018. (jth) (Entered: 11/02/2018) |
| 11/16/2018 | 6 | | MOTION to Transfer Case by TRACY VAN ATTA (Attachments: # 1 Text of Proposed Order)(Koss, Natalie) (Entered: 11/16/2018) |
| 11/19/2018 | | | MINUTE ORDER. Any opposition to plaintiff's motion to transfer 6 is due on November 30, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/19/2018. (lcabj2) (Entered: 11/19/2018) |
| 11/19/2018 | 7 | | MEET AND CONFER STATEMENT. (Ploch, Amanda) (Entered: 11/19/2018) |
| 11/20/2018 | 8 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 6 MOTION to Transfer Case by CONSUMER FINANCIAL PROTECTION BUREAU (Attachments: # 1 Proposed Order)(Ploch, Amanda) (Entered: 11/20/2018) |
| 11/21/2018 | | | MINUTE ORDER granting 8 Motion For Extension of Time. Defendant's opposition to plaintiff's motion to transfer 6 is due on December 7, 2018. Signed by Judge Amy Berman Jackson on 11/21/2018. (lcabj2) (Entered: 11/21/2018) |
| 11/21/2018 | 9 | | NOTICE of Appearance by Steven Y. Bressler on behalf of CONSUMER FINANCIAL PROTECTION BUREAU (Bressler, Steven) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/21/2018) |
| 11/26/2018 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Scheduling Conference held on 11/26/2018. (An order will be issued by the Court.) (Court Reporter Janice Dickman.) (tg) (Entered: 11/26/2018) |
| 11/26/2018 | 10 | | ORDER. With the consent of the parties on November 26, 2018, it is ORDERED that this matter is referred to a Magistrate Judge for mediation to commence on November 26, 2018 and to conclude on January 25, 2019. The parties may engage in limited informal discovery to assist in mediation during this time; in particular, plaintiff may request her payroll records and records related to the 3 alleged comparators. It is FURTHER ORDERED that the parties must submit a report to this Court on the status of mediation by January 25, 2019, and if the case settles in whole or in part, both parties shall immediately advise the Court of the settlement by filing a stipulation. It is FURTHER ORDERED that defendant's response to plaintiff's motion to transfer 6 is due on December 14, 2018. Plaintiff's reply is due December 21, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/26/2018. (lcabj2) (Entered: 11/26/2018) |
| 11/26/2018 | | | CASE RANDOMLY REFERRED to Magistrate Judge Deborah A. Robinson for mediation. (zad) (Entered: 11/26/2018) |
| 11/26/2018 | | | Set/Reset Hearings: Settlement Conference set for 12/13/2018 at 10:00 AM in Chambers before Magistrate Judge Deborah A. Robinson. (lcdar1) (Entered: 11/26/2018) |
| 12/13/2018 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Settlement Conference held on 12/13/2018. Further Settlement Conference by telephone set for 1/3/2019 at 04:00 PM before Magistrate Judge Deborah A. Robinson. Parties are asked to call each other before jointly phoning into Chambers. (lcdar1) (Entered: 12/13/2018) |
| 12/14/2018 | 11 | | RESPONSE re 6 MOTION to Transfer Case filed by CONSUMER FINANCIAL PROTECTION BUREAU. (Attachments: # 1 Text of Proposed Order)(Ploch, Amanda) (Entered: 12/14/2018) |
| 12/21/2018 | 12 | | REPLY to opposition to motion re 6 MOTION to Transfer Case filed by TRACY VAN ATTA. (Koss, Natalie) (Entered: 12/21/2018) |
| 01/03/2019 | | | Minute Entry: Settlement conference conducted on January 3, 2019 before Magistrate Judge Deborah A. Robinson; counsel shall jointly phone chambers prior to January 24, 2019 to schedule a further conference. (lcdar1) (Entered: 01/03/2019) |
| 01/25/2019 | 13 | | Joint STATUS REPORT *Regarding Mediation* by CONSUMER FINANCIAL PROTECTION BUREAU. (Ploch, Amanda) (Entered: 01/25/2019) |
| 04/22/2019 | 14 | | NOTICE *of Praecipe* by TRACY VAN ATTA re 6 MOTION to Transfer Case , 12 Reply to opposition to Motion, 11 Response to motion (Koss, Natalie) (Entered: 04/22/2019) |
| 04/23/2019 | | | MINUTE ORDER. The Court is well aware of the pendency of the motion to transfer -- along with many other motions in other cases -- on its docket, and plaintiff need not file additional pleadings bringing it to the Court's attention. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/23/2019. (lcabj2) |

|  |  |  | (Entered: 04/23/2019) |
|---|---|---|---|
| 04/29/2019 | 15 | 5 | MEMORANDUM OPINION AND ORDER. Plaintiff's motion to transfer venue 6 is hereby GRANTED, and it is ORDERED that this action be TRANSFERRED to the United States Court of Federal Claims. See Memorandum Opinion and Order for complete details. Signed by Judge Amy Berman Jackson on 4/29/2019. (lcabj2) (Entered: 04/29/2019) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
TRACY VAN ATTA,                              )
                                             )
            Plaintiff,                       )
                                             )
    v.                                       )   Civil Action No. 18-2033 (ABJ)
                                             )
CONSUMER FINANCIAL                           )
PROTECTION BUREAU,                           )
                                             )
            Defendant.                       )
                                             )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tracy Van Atta filed a complaint against the Consumer Financial Protection Bureau ("CFPB") on August 30, 2018, alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d), when it failed to pay her the same wages as her similarly situated male peers. Compl. [Dkt. # 1] ¶¶ 41–53. Plaintiff has alleged that the difference in her pay with her male colleagues exceeds $10,000. *Id.* ¶¶ 23, 38, 47.

On November 16, 2018, plaintiff moved to transfer the case to the U.S. Court of Federal Claims because under the Tucker Act, 28 U.S.C. § 1491, the district court lacks subject matter jurisdiction over the case. Pl.'s Mot. to Transfer Venue [Dkt. # 6] ("Pl.'s Mot.") at 2. Defendant opposed the motion, arguing that the Equal Pay Act was enacted as an amendment to the Fair Labor Standards Act ("FLSA"), and the Tucker Act does not apply to suits brought under the FLSA. Def.'s Opp. to Pl.'s Mot. [Dkt. # 11] ("Def.'s Opp.") at 2–8.

The Tucker Act grants the Court of Federal Claims "jurisdiction over a nontort monetary claim 'against the United States founded . . . upon . . . any Act of Congress.'" *Abbey v. United States*, 745 F.3d 1363, 1368–69 (Fed. Cir. 2014), quoting 28 U.S.C. § 1491(a)(1). It has long

been established as a matter of binding precedent in this Circuit that "the Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA, 29 U.S.C. § 216(b)," *id.* at 1369, and that "the Court of Federal Claims has exclusive jurisdiction to adjudicate" all "FLSA claims in excess of $10,000."[1]  *Waters v. Rumsfeld*, 320 F.3d 265, 272 (D.C. Cir. 2003).  Thus, unless plaintiff waives her claim in excess of $10,000, "the district court [is] without jurisdiction to rule on [the] merits."  *Id.*

Defendant argues that the Supreme Court's decision in *United States v. Bormes*, 568 U.S. 6 (2012), signaled a change in how lower courts should apply the Tucker Act.  Def.'s Opp. at 7–8.  In *Bormes*, the Court considered whether the Tucker Act waived the United States' sovereign immunity against claims brought under a different statute: the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  568 U.S. at 9–15.  The Court held that it did not, because "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies.  In that event, the [law's] specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute."  *Id.* at 12.  Because the FCRA included a "detailed remedial scheme," the Court found that only the statute's "own text can determine whether the damages liability Congress crafted extends to the Federal Government."  *Id.* at 19 (emphasis omitted).  Applying that principle, defendant argues that the FLSA also contains a detailed remedial scheme, and that therefore, the Tucker Act does not apply and the Court retains jurisdiction over the case.

---

1   The amount of the claim will affect whether a district court may maintain jurisdiction over it.  The "'Little Tucker Act' grants United States district courts concurrent jurisdiction with the United States Court of Federal Claims over civil actions or claims against the United States not exceeding $10,000 in amount," *Waters*, 320 F.3d at 270 (internal quotation mark omitted), quoting 28 U.S.C. § 1346(a)(2), whereas, "[u]nder the (Big) Tucker Act, claims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims.'"  *Id.*, quoting *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982).

2

While the D.C. Circuit has not yet considered this question, the Federal Circuit has. In *Abbey v. United States*, the court found that because the FLSA and FCRA had significant differences, *Bormes* did not disturb the settled precedent that the Court of Federal Claims has exclusive jurisdiction over FLSA claims exceeding $10,000. 745 F.3d at 1369. The Court noted that the FCRA "precisely define[s] the appropriate forum" to bring claims, including "any appropriate United States district court." *Id.*, citing 15 U.S.C. § 1681p. The FLSA, by contrast, "contains no congressional specification of a non-Tucker Act forum for damages suits." *Id.* at 1370. Since the FLSA does not provide any guidance as to which court is competent to exercise jurisdiction over those claims, the court concluded that it is appropriate to look to the Tucker Act to identify the court of competent jurisdiction. *Id.*

Also, another court in this district has considered and rejected the argument presented by defendant here. While it found that "[t]he government raise[d] a colorable argument," it remained "ultimately unpersuaded." *Adair v. Bureau of Customs & Border Prot.*, 191 F. Supp. 3d 129, 133 (D.D.C. 2016). The court reasoned that *Bormes* was "not primarily on point" because it "analyzed the FCRA, not the FLSA, and it only decided the Tucker Act's role in the sovereign-immunity inquiry, not in the jurisdictional inquiry." *Id.* Furthermore, *Bormes* does not "directly overrule any precedent in this or any other circuit specifying which court(s) may properly exercise jurisdiction over FLSA claims against the government." *Id.* The Court concluded that the "the Supreme Court's opinion in *Bormes* appears . . . to be quite compatible" with the settled precedent in this circuit, because, as reasoned in *Abbey*, the FCRA designated jurisdiction to identified courts while the FLSA did not. *Id.* at 133–34.

While defendant has raised a serious issue that warrants close attention, the Court finds the reasoning in *Adair* to be persuasive, particularly given the Federal Circuit's decision in

3

*Abbey*. Defendant has asked the Court to "conclude that the general principles articulated in *Bormes* override controlling D.C. Circuit precedent on the precise question at hand." *Id.* But it is not at all clear that the Supreme Court intended its ruling to have that scope. So unless and until the D.C. Circuit announces that its decision in *Waters v. Rumsfeld* has been overruled by *Bormes*, it is still good law. Therefore, the Court of Federal Claims has exclusive jurisdiction over this case because it is a nontort monetary claim brought against the United States government exceeding $10,000.

Thus, plaintiff's motion to transfer venue is hereby **GRANTED**, and it is **ORDERED** that this action be **TRANSFERRED** to the United States Court of Federal Claims.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: April 29, 2019



**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK